IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CITY OF FINDLAY, et al.,
CITY OF COLUMBUS, et al.,

                     Plaintiff,         Case No. 3:05 CV 7443
          -vs-                                     3:07 CV 2117

HOTELS.COM, et al.,                       <u>MEMORANDUM OPINION</u>

                     Defendant.

KATZ, J.

**I. Background**

       This matter is before the Court on parallel motions to dismiss in two cases. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. The moving defendants in these cases are the following companies that operate internet travel sites: Hotels.com, L.P.; Hotwire, Inc.; Expedia, Inc.; Orbitz, LLC; Trip Network, Inc. (d/b/a CheapTickets); Internetwork Publishing Corp. (d/b/a Lodging.com); Priceline.com Incorporated; Lowestfare.com Incorporate (n/k/a Lowestfare.com LLC); Travelweb LLC; and Travelocity.com, LP (collectively, "Defendants"). The original plaintiffs in the cases were City of Findlay (Case No. 3:05-CV-07443) and City of Columbus and City of Dayton (Case No. 3:07-CV-02117) ("the original plaintiffs"). The original plaintiffs have filed a First Amended Consolidated Complaint in both cases, adding as plaintiffs nine other Ohio municipalities: City of Toledo, City of Northwood, City of Rossford, City of Maumee, City of Perrysburg, Perrysburg Township, Springfield Township, Monclova Township, and Lake Township (in Wood County) (collectively, "the new plaintiffs").

       The basic factual allegations made by the plaintiffs are as follows:

> Defendants contract with hotels for rooms at negotiated discounted room rates. Defendants then mark up their inventory of rooms and sell the rooms to members of the public, who actually occupy the rooms. Defendants charge and collect taxes from occupants based on the marked up room rates, but only remit to Plaintiffs the tax amounts based on the lower, negotiated room rates. Each Defendant then pockets the difference.

First Amended Consolidated Complaint at 5.

In memorandum opinions and orders issued July 26, 2006 and July 23, 2007, this Court dismissed some of the original plaintiffs' claims, and denied dismissal as to other claims. *See City of Findlay v. Hotels.com, L.P.*, 441 F. Supp.2d 855 (N.D. Ohio 2006); Case No. 3:05-CV-07443 at Doc. 62; Case No. 3:07-CV-02117 at Doc. 80. At issue is (original and amended) Count 1, violations of the transient occupancy tax ordinances pursuant to municipal ordinances and Ohio Rev. Code § 5739.02.[1] In *City of Findlay*, supra, the Court first decided that the Defendants are not "vendors" as defined by the original plaintiffs' ordinances, and therefore the ordinances do not impose a direct tax obligation on Defendants. The Court based its decision on the unambiguity of the definition of "vendor" in the ordinances, the inapplicability of that definition to the website Defendants, and the applicability of the tax obligation exclusively upon "vendors" as defined therein. The Court later applied the same rationale (by incorporation) to the term "operators." The Court found, however, that the original plaintiffs did present a viable legal theory to seek an award of taxes collected by Defendants but not remitted to the municipalities. *See* Ohio Rev. Code § 5739.02 (E); *Barker Furnace Co. v. Lindley*, Case No. 6813, 1981 Ohio App. LEXIS 13603, at *10 (Ohio Ct. App. June 2, 1981) ("[a] party's error in

---

[1] The Court addressed claims other than those discussed herein (e.g., Ohio Consumer Sales Practices Act, constructive trust, conversion), but those issues are not relevant to the matter as currently before the Court, and so are not discussed at length herein.

making the improper collection is no justification for avoiding assessment for non-remission, a duty which exists concomitant to the authority under which the collection is made"); *The Geiler Co. v. Lindley*, 66 Ohio St. 2d 514, 516 (Ohio 1981) (applying obligation to "persons" rather than "vendors").

In both cases, Defendants have filed motions to dismiss the amended complaints. Although total dismissal is ostensibly sought, the motions specifically seek an extension of the Court's previous determinations about the applicability of the original plaintiffs' tax ordinances to those of the new plaintiffs.

**II. Standard of Review**

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." To warrant dismissal, "it [must] appear[ ] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "A district court considering a defendant's motion to dismiss under Rule 12(b)(6) must construe the complaint in the light most favorable to the plaintiff and accept the plaintiff's allegations as true." *Thurman v. Pfizer, Inc*., 484 F.3d 855 (6th Cir. 2007). However, it is unnecessary for the court to "accept as true legal conclusions or unwarranted factual inferences ." *Kottmyer*, 436 F.3d at 688 (citing *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).

**III. Discussion**

The Court's prior decisions were limited to the ordinances of City of Findlay, City of Columbus, and City of Dayton. Those decisions, however, remain the law of the case for both

3

cases, and this Court will analyze the nine new plaintiffs' ordinances accordingly. The ordinances of Rossford, City of Perrysburg, and Monclova use the term "vendor" (as did those of Findlay and Columbus); those of the Cities of Toledo, Northwood, and Maumee use the term "operator" (as did Dayton's); and those of the Townships of Perrysburg, Springfield, and Lake use only a statutory definition of "hotel."

### A. Monclova Township and Cities of Perrysburg and Rossford

The ordinance of the City of Findlay provided that "[t]he transient guest tax . . . shall be paid by the transient guest to the vendor . . . ." Findlay Ord. § 195.06. The ordinance defined "vendor" as one "who is the owner or operator of [a] hotel . . . ." Findlay Ord. § 195.03(d). City of Columbus Code § 371 levies a tax "on transactions by which lodging by a hotel . . . is or is to be furnished to transient guests. . . ." Columbus City C. § 371.02(a). Columbus defines "vendor" as "the person who is the owner or operator of the hotel . . . and who furnishes the lodging." Columbus City C. § 371.01(d). This Court found that the definition of "vendor" was too narrow to reach the web-based defendants because they do not own or operate the hotels.[2]

Monclova Township Lodging Tax Code of Regulations § 2(K) defines "vendor" as "a person who is required to have an Ohio Retail Sales Tax Vendor License . . . and who operates a hotel which furnishes lodging to guests and includes the agents and employees of such person who performs the functions of the vendor on his behalf." Section 3(A) taxes "each transaction in

---

[2] The plaintiffs cite *City of Fairview Heights v. Orbitz, Inc. et al.*, Case No. 05-CV-840-DRH (S.D. Ill. July 12, 2006) for support. In *Fairview Heights*, the city ordinance's definition of "owner" was "any person having an ownership interest in, conducting the operation of a hotel or motel room, or receiving consideration for the rental of such hotel or motel room." *Id*. at 10 n.7. That definition is significantly different from the definitions in the plaintiffs' ordinances, and this Court's analysis is necessarily different from that of the *Fairview Heights* court.

Monclova Township by which lodging is or is to be furnished by a vendor. . . ." The City of Rossford defines "vendor" as "the person who is the owner or operator of the hotel . . . and who furnishes the lodging." Rossford Ord. § 195.01 (Nov. 11, 1974). The City of Perrysburg taxes "vendors," defined as "the person who is the owner or operator of the hotel . . . and who furnishes the lodging." City of Perrysburg Ord. § 896.01(d), 896.02(a).

The language in these three ordinances is strikingly similar to the language in the Findlay ordinance. For the same reasons as discussed in the Court's July 26, 2006 memorandum opinion, the Court finds that Defendants are not directly obligated to pay the Monclova, City of Perrysburg, and Rossford hotel taxes, but the plaintiffs do have a viable legal theory by which they may pursue money *collected* by the Defendants as taxes but *not remitted* to the plaintiffs. *See City of Findlay*, 441 F. Supp.2d at 858-61.

### Cities of Maumee, Northwood, and Toledo

City of Dayton Ord. § 36.131 levies a tax "on transactions by which lodging by a hotel is or is to be furnished to transient guests." "The tax shall be paid by the transient guest to the operator, and each operator shall collect from the transient guest the full and exact amount of the tax payable on each taxable transaction." Dayton Ord. § 36.133. An operator is

> [a]ny person who is proprietor of the hotel whether in the capacity of owner, lessee, licensee or any other capacity. Where the operator performs his functions through a managing agent of any type or character, other than an employee, the managing agent shall be deemed an operator for the purposes of this division, and shall have the same duties and liabilities as his principal. Compliance with the provisions of this chapter by either the principal or the managing agent shall, however, be considered to be compliance by both.

Dayton Ord. § 36.130.

5

The same reasoning applies here as with regard to the "vendor" definition. The defendants cannot be considered "operators" because they are not alleged to be proprietors of the hotels in question. Neither can they be considered "managing agents" of the hotels' proprietors based solely on the fact that they negotiate lower hotel room rates and then sell the rooms to the public. By so doing, Defendants do not take on the functions of a "managing agent" performing duties of a hotel proprietor. They do not perform a proprietor's functions, but rather they contract as third parties for rooms which they then sell to the people who actually occupy the rooms. They are more similar to travel agents than to hotel managers. Ultimately, the hotel is being paid at the negotiated rate for the rooms it contracts to Defendants, and the plaintiffs' ordinances impose the tax on the hotel's rental fees, which are paid to the proprietor or managing agent by Defendants.

City of Maumee Ordinance § 195.02 levies a tax "on transactions by which lodging by a hotel is or is to be furnished to transient guests." "Such tax constitutes a debt owed by the transient guest to the City, which is extinguished only by payment to the operator as trustee for the City, or to the City." City of Maumee Ord. § 195.02.

> "Operator" means any person who is the proprietor of the hotel, whether in the capacity of owner, lessee, licensee or any other capacity. Where the operator performs his functions through a managing agent of any type or character, other than an employee, the managing agent shall be deemed an operator for the purposes of this chapter, and shall have the same duties and liabilities as his principal. Compliance with the provisions of this chapter by either the principal or the managing agent shall, however, be considered to be compliance by both.

City of Maumee Ord. § 195.01(f).

The ordinances of Northwood and Toledo use almost identical language to the Maumee ordinance for the purposes of this analysis. *See* Toledo Ord. § 1911.01 (f); Northwood Ord. §

6

882.01 (f). The language in these three ordinances is strikingly similar to the language in the Dayton ordinance. For the reasons discussed above, the Court finds that Defendants are not directly obligated to pay the Maumee, Northwood, and Toledo hotel taxes, but the plaintiffs do have a viable legal theory by which they may pursue money *collected* by the Defendants as taxes but *not remitted* to the plaintiffs.

### C. Townships of Lake, Perrysburg, and Springfield

The Lake Township resolution of March 30, 1968 levies a 3% tax on hotels and motels, defining hotel by reference to Ohio Rev. Code § 5739.01(N): "every establishment kept, used, maintained, advertised or held out to the public to be a place where sleeping accommodations are offered to guests . . . ." Perrysburg Township Resolution No. 88.68, adopted May 6, 1968, taxes hotels and motels and uses the same definition from the Ohio Rev. Code. The Springfield Township resolution adopted on November 6, 1981, uses the same language.

These resolutions lack even the "vendor" and "operator" definitions used in the other plaintiffs' ordinances. The taxes in Lake, Perrysburg, and Springfield Townships apply directly to hotels as defined therein. Defendants do not meet that definition, as they are not alleged to be "establishments" in the sense that hotels typically are. Defendants' business model is decidedly different, as discussed above. For these reasons, the Court finds that Defendants are not directly obligated to pay the Lake, Perrysburg, and Springfield Township hotel taxes, but the plaintiffs do have a viable legal theory by which they may pursue money *collected* by the Defendants as taxes but *not remitted* to the plaintiffs.

**IV. Conclusion**

For the reasons discussed herein, and in the Court's previous memorandum of law, *see City of Findlay*, supra, Defendants' motions are hereby denied (Case No. 3:05-CV-07443 at Doc. 218; Case No. 3:07-CV-02117 at Doc. 165).

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE