IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CITY OF FINDLAY, et al.,

                        Plaintiff,                    Case No. 3:05 CV 7443

   -vs-

HOTELS.COM, et al.,                         MEMORANDUM OPINION
                                                               AND ORDER

                        Defendant.

KATZ, J.

This matter is before the Court on Plaintiffs' motion to compel discovery filed May 15, 2009 (Doc. No. 338) and responses of Defendants filed June 5, 2009 (Doc. Nos. 342 & 344). The matter was the subject of oral argument and supplementary memoranda have been filed by the parties both before and following that hearing. The matter is now ripe for decision by the Court. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**PROCEDURAL BACKGROUND**

Defendant Orbitz, LLC ("Orbitz") has filed privileged documents for *in camera* review in two volumes. Volume One contains documents challenged by Plaintiffs and includes Defendants' amended privilege and redaction log. Volume Two contains privileged documents for *in camera* review, which documents were submitted to the Special Master in the case before that Special Master, *Columbus, Georgia v. Orbitz, LLC* (Civil Action SU-06-CV-1895-05). The Court is also in possession of the Report of Special Master filed in that case on December 8, 2008. The Court has also reviewed the order of United States District Judge Orlando L. Garcia of the United States District Court, Western District of Texas (San Antonio Division) in *City of San Antonio v. Hotels.com, et al.,* Case No. SA-06-CA-381-OG, filed August 5, 2009. The gravamen of those

two decisions is the crime-fraud exception relied upon by Plaintiffs in those cases and the case before this Court to compel documents otherwise privileged.

## DISCUSSION

Orbitz has withheld documents which it contends are protected from disclosure by several privileges, including the attorney/client, work product and/or joint defense privileges. However, Plaintiffs assert that such documents are not privileged, and if they would be privileged, the crime-fraud exception applies to defeat any such privileges. The District Court in the Georgia case cited above previously determined that the Orbitz documents listed in that defendant's privilege logs were subject to the crime-fraud exception. Plaintiffs in the case *sub judice* request this Court to follow the order of the Special Master in the Georgia case. The Court declines to do so.

It is hornbook law that the burden of establishing a privilege as to any document rests with the party asserting that privilege, in this case, Orbitz. *Carson-Merenda v. Detroit Medical Center*, 2009 WL 1067334 (E.D. Mich. 2009), *citing In Re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir. 1983), *cert. denied sub nom. Durant v. United States* (1984). Multiple affidavits and other evidence have been presented to the Court to convince it that a privilege exists and the Court has conducted an extensive *in camera* review of all documents as to which a privilege has been asserted.

After a review of the evidence and affidavits submitted by Orbitz, this Court concludes that said Defendant has provided sufficient evidence to support the privilege asserted for the overwhelming majority of the documents listed in the privilege log; however, a few of those documents raised questions which will be discussed below.

*A. Crime Fraud Exception*

The Court has determined that the overwhelming majority of the documents submitted *in camera* by Orbitz are subject to a privilege. It now befalls the Plaintiffs to make a *prima facie* showing that the crime-fraud exception applies to defeat that privilege. *United States v. Fisher*, 2009 WL 963680 (E.D. Mich. 2009) (citations omitted). Plaintiffs rely upon the ruling from the Special Master in the Georgia case and urge the Court to adopt that ruling, or at the very least, to take judicial notice thereof. As this Court noted at the oral argument regarding this motion, there is a significant difference between attempts to "avoid" payment of the hotel occupancy taxes and to "evade" payment of a tax already due. The undersigned agrees completely with Judge Garcia that the Georgia court cast a very wide net without sufficient justification in finding that the documents otherwise privileged were subject to disclosure under the crime-fraud exception.

Procedurally, in order to claim the crime-fraud exception to the privilege, a proponent seeking to pierce the privilege must first make a *prima facie* showing that a crime or fraud has occurred. A two-prong test for that exception was first promulgated by the 11th Circuit. *See In re Grand Jury Investigation (Schroeder)*, 842 F2d. 1223, 1226 (11th Cir. 1987). First, there must be a *prima facie* showing that the client was engaged in criminal or fraudulent conduct when it sought the advice of counsel, that said client was planning such conduct when that advice was sought or that the client committed a crime or fraud <u>subsequent</u> to receiving the benefit of the attorney's advice. Second, there must be a showing that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or closely related to it. That two-prong test has produced extensive progeny. Blacks Law Dictionary defines a *prima facie* case as one where such evidence has been adduced "as will prevail until contradicted and overcome by other evidence . . .

3

[in a] case which has proceeded upon sufficient proof to that stage where it will support [a] finding if evidence to the contrary is disregarded." BLACK'S LAW DICTIONARY 1189-1190 (6th ed. 1990). This Court finds that no such showing has been made by Plaintiffs in the case *sub judice*.

Although many circuits have wrestled with articulating what they believe constitutes a *prima facie* showing sufficient to invade the privilege, in this Circuit the Court of Appeals has continued to apply the two-prong approach articulated in *Schroeder*. *See United States v. Collis*, 128 F.3d. 313, 320 (6th Cir. 1997). To make such a *prima facie* showing, the Court of Appeals has required that "the evidence presented by the movant must be such that a prudent person would have a reasonable basis to suspect the preparation of a crime or fraud." This Court does not find that such a showing has been made by Plaintiffs in this case and disagrees with the Georgia court. That Court did not address the difference between the evasion of a predetermined tax liability and avoiding a potential tax liability which Defendant and its "allies" dispute. The documents reviewed by this Court indicate that while Orbitz may have taken a very aggressive stance on these occupancy tax issues, and it continues to do so so as to avoid potential tax liability, nothing has been presented which would justify a finding that its conduct in attempting to influence legislation and related activities could be classified as fraudulent or criminal. This Court agrees with Judge Garcia that such a conclusion by the Special Master in the Georgia case was a significant "leap in logic". In this case, Court finds that Plaintiffs have failed to make a *prima facie* showing through the production of appropriate evidence. Therefore, except as noted below, the documents reviewed *in camera* need not be disclosed as they are either subject to the attorney/client, work product or other privilege.

*B. Common Interest Agreements*

There are two common interest agreements, one denoted as a "Common Interest Agreement" and the other as a "Joint Defense Agreement". Those agreements have been reviewed by the Court and found to be subject to the attorney/client and/or work product privilege. When parties have a common interest in litigation and/or are conducting a joint defense, they have traditionally capable of sharing work product without waiving the protection of the privilege. Thus, any such sharing of information between and among those parties, unless voluntarily produced, is subject to a privilege and has not been waived.

Item No. 3 on the group of documents as to which a privilege has been asserted but redaction has been made and produced in full was inadvertently retained on this privilege log. Therefore, its production, as redacted is confirmed.

## CONCLUSION

As noted at oral argument, tax evasion or tax avoidance, which may have been present in the Georgia case, is simply not relevant here. That is because after previous rulings the only issue before this Court is whether the Defendants are, in fact, collecting but not remitting validly levied taxes. However, nowhere in the documents is it reflected that Orbitz was receiving or even sought legal advice in furtherance of a crime or fraud.

While it is not necessary to review each document submitted to the Court by Orbitz, suffice to say that those documents as to which the existence of a privilege would or might be questionable still are not subject to production. Relevance of the sought documents – given the status of this case – must be demonstrated. Because the overwhelming majority of documents submitted to and reviewed by the Court lack relevance to the issue remaining before the Court, collection but failure to remit validly levied taxes.

For all of the reasons cited herein, Plaintiffs' motion to compel discovery (Doc. No. 338) is denied.

IT IS SO ORDERED.

                                                 s/ *David A. Katz*
                                                 DAVID A. KATZ
                                                 U. S. DISTRICT JUDGE