IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CITY OF FINDLAY,

                          Plaintiff,                    Case No. 3:05 CV 7443

                -vs-
                                                        MEMORANDUM   OPINION
HOTELS.COM, L.P., et al.,

                          Defendant.

KATZ, J.

      This matter is presently before the Court on cross-motions for summary judgment filed by

Defendants (Doc. 405) and Plaintiffs ( Doc. 429).  Plaintiffs also move to certify the question of

whether Defendants are subject to their guest tax ordinances to the Ohio Supreme Court ( Doc.

428); Defendants oppose this request (Doc. 440).

      Defendants' motion for summary judgment will be granted and Plaintiffs' denied.

Plaintiffs' motion to certify liability questions to the Ohio Supreme Court will also be denied.

## I. Factual Background

      Defendants are entities that contract with hotels for rooms at negotiated, discounted rates

(the "net rate") and then resell the rooms to consumers over the internet at marked-up rates (the

"reservation rate").  In October 2005, the City of Findlay sued Defendants in Ohio state court on

claims of violating its occupancy tax ordinance, deceptive trade practices, conversion, imposition

of a constructive trust, and declaratory judgment.  These claims were based on Defendants'

alleged practice of charging and collecting taxes from occupants based on the marked-up room

rates, but only remitting to Plaintiffs tax amounts based on the lower, negotiated room rates.

      The case was removed to this Court pursuant to the jurisdictional provisions of the Class

Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) & 1453.  Defendants moved to dismiss the

claims, arguing that they were not "vendors" within the meaning of the City of Findlay's guest tax

ordinance and therefore had no obligation to collect and remit guest taxes. In a memorandum

opinion issued on July 26, 2006, this Court agreed that Defendants had no direct obligation to

collect or remit taxes under the City of Findlay's guest tax ordinance (Findlay Doc. 62). But the

Court found that the Complaint did present one viable legal theory: the City of Findlay could

recover for amounts collected by Defendants that were "denominat[ed] as a sales and/or bed tax"

but were not remitted to the City. *Id*. at 8. This ruling has since been extended to each of the

plaintiffs now involved in this litigation, as the Court has found no relevant distinctions between

their various ordinances.

The Defendants now move for summary judgment as to the remaining claims against them,

arguing that Plaintiffs have not produced sufficient evidence to create a genuine issue of material

fact as to whether they collected taxes that were not appropriately remitted to Plaintiffs. Plaintiffs

have filed a response, along with a cross-motion for summary judgment, to which Defendants

have filed a response and reply.

**II. Summary Judgment Standard**

Summary judgment is appropriate where "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of "informing the

district court of the basis for its motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; see also *Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact."

*Williams*, 154 F. Supp. 2d at 1071.  The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried."  *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999).  Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; see also *Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

## III. Discussion

Plaintiffs rely on two theories of liability in opposing Defendants' summary judgment motion.  First, they contend that various surcharges and "service fees" collected by Defendants amount, in substance if not in form, to the collection of a guest tax.  Second, they contend that Defendants are liable to remit taxes based on the reservation rate by virtue of contracts entered into between Defendants and various non-party hotels.  Neither argument is well-taken.

The evidence is undisputed that Defendants combine tax recovery charges and service fees into a single lump sum displayed to consumers on their websites; the amounts are not separately itemized.  This is done, Defendants claim, to prevent customers from figuring out the "net rate," which would leave Defendants and their hotel suppliers at a competitive disadvantage.  It is also not disputed that a portion of this lump sum is, in fact, remitted as taxes, while another portion is collected by Defendants as "service fees."

Plaintiffs argue that portions of the "service fees" collected by Defendants are in fact taxes, because the combined amount of the service fee/tax recovery charge is equivalent to the amount of occupancy tax calculated on the basis of the reservation rate.  In so arguing, Plaintiffs urge the Court to look to the "economic reality" of this method of assessing service fees: the Defendants

4

recover the same margin on each transaction as they would if they collected guest taxes based on the reservation rate but only remitted amounts based on the net rate.  In Plaintiffs' view, therefore, the service fee is a "disguised" tax.

But this Court has already held, on multiple occasions, that Plaintiffs may only recover money collected by Defendants "as taxes." (Findlay Doc. 230 at 5).  That is, the charge must "*purport*[] to be a collection of a tax."  (Findlay Doc. 62 at 8) (emphasis in original).  The Ohio courts have only sustained recovery on a collected-but-not-remitted theory on amounts actually labeled as taxes. See, *e.g.*, *Geiler Co. v. Lilly*, 66 Ohio St.2d 514, 517 (1981) (noting that the "[s]ales tax was itemized on customer invoices" and that "customers were deceived as to the actual amount of appellant's charge and whether some portion of their payment would be forwarded to the state treasury" in requiring the appellant to remit amounts collected as "sales tax").  Plaintiffs cite no Ohio cases approving a collected-but-not-remitted theory involving amounts collected as "service fees."  The fact that the Defendants may have intended to tie the amount of their service fees to the amount of a hypothetical tax obligation is irrelevant, for in this area, "[i]ntent is of no consequence." *Id.*  The key, instead, is whether the Defendants have deceived consumers by pocketing amounts charged as taxes, and there is no evidence that Defendants have done so here.

Indeed, the cases cited by Plaintiffs in support of their "substance over form" argument have no application to their collected-but-not-remitted claim.  Instead, the cases urging courts to disregard "mere formalisms" and look to a transaction's "true nature," *Comm'r v. Court Holding Co.*, 324 U.S. 331, 334 (1945), involve questions relating to whether certain transactions are taxable pursuant to statute.  In this case, however, the Court has already determined that

5

Defendants are not directly liable for collecting guest taxes under the applicable ordinances.  Any liability of Defendants instead flows from Ohio's "express legislative policy" that no person other than the state should derive any benefit from the collection or payment of a tax.  (Findlay Doc. 62 at 7) (citing Ohio Rev. Code § 5739.02(E)).  But the Ohio courts have treated this question as distinct from questions relating to primary tax obligations, turning on whether a party collected an amount of money under the guise of collecting a tax, regardless of that party's primary liability.  See *Geiler Co.*, 66 Ohio St.2d 514 (appellant ordered to remit sales tax collected erroneously).[1]

Plaintiffs also contend that Defendants are liable due to contracts between Defendants and various non-party hotels that, in Plaintiffs' view, obligate Defendants to remit taxes to them based on the reservation rate.  Plaintiffs raise this argument for the first time in response to Defendants' motion for summary judgment; no contractual theory of liability is so much as hinted at in the original state-court complaint or the subsequent amended complaints filed in this action.

It would be inappropriate for the Court to consider Plaintiffs' new theory of liability at this stage of the case.  "The Sixth Circuit does not allow parties to advance new contentions in opposition to a summary judgment motion after ample time for discovery and amending the complaint."  *Jeffries v. United States*, 2010 WL 1258008 at *4 (N.D. Ohio Mar. 30, 2010) (citing *Tucker v. Union of Needletrades, Indust. & Textile Employees*, 407 F.3d 784, 787-89 (6th Cir.2005)).  This litigation is now nearly five years old, and Plaintiffs have had ample opportunity

---

[1]

Another case cited by Plaintiffs, *State ex. rel. Petroleum Underground Storage Tank Release Comp. Bd. v. Withrow*, 62 Ohio St.3d 111 (1991) is not relevant either. The definition of a "fee," as distinguished from a "tax," offered in that case ("a charge imposed by a government in return for a service it provides") makes little sense outside of the context of government assessments. There is no precedent for scrutiny of private consumer transactions under such a standard.

6

to amend the complaint to add their contract claim.  It is too late for them to do so now.  See

*Tucker*, 407 F.3d at 788.

Plaintiffs' request to certify the question of whether Defendants are subject to their guest

tax ordinances to the Ohio Supreme Court is also be denied as untimely.  "The appropriate time to

seek certification of a state-law issue is before a District Court resolves the issue, not after

receiving an unfavorable ruling."  *Derungs v. Wal-Mart Stores, Inc.*, 162 F.Supp.2d 861, 868

(S.D. Ohio 2001).  This Court ruled that Defendants are not subject to Plaintiffs' guest tax

ordinances over four years ago (Findlay Doc. 62), and has since extended that ruling on numerous

occasions.  It would be inappropriate to for the Court to belatedly certify this question over four

years after issuing a ruling on it.  See *Enfield v. A.B. Chance Co.*, 228 F.3d 1245, 1255 (10th Cir.

2000) (denying certification where party did not seek certification until after adverse decision and

explaining that "that fact alone persuades us that certification is inappropriate")

## IV. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment ( Doc. 405) is

granted, and Plaintiffs' cross-motion for summary judgment is denied (Doc. 429).  Plaintiffs'

motion to certify liability questions to the Ohio Supreme Court (Doc. 428) is also denied.  The

case is closed.

IT IS SO ORDERED.

   s/ *David A. Katz*   
DAVID A. KATZ
U. S. DISTRICT JUDGE